UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KENNETH PAUL BAUMGARNER,

        Defendant.
_____/

No. 1:21-cr-200

Hon. Paul L. Maloney
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Kenneth Paul Baumgarner (Defendant) and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.     <u>Plea to Information.</u> Defendant gives up the right to Indictment by a grand jury and agrees to plead guilty to the Information, charging one count of Embezzlement of Labor Organization Assets, in violation of Title 29, United States Code, Section 501(c).

2.     <u>Defendant Understands the Crime.</u> In order for Defendant to be guilty of violating Title 29, United States Code, Section 501(c), the following must be true: (1) Defendant was an officer or employee of a labor organization; (2) The labor organization was engaged in an industry affecting interstate commerce and was subject to the Labor-Management Reporting and Disclosure Act of 1959; (3) Defendant embezzled, stole, or converted to his own use money or other assets of such labor organization; and (4) Defendant acted with fraudulent intent. Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. <u>Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of Title 29, United States Code, Section 501(c), is the following:

| | |
|---|---|
| Maximum Imprisonment: | 5 Years |
| Maximum Fine: | $250,000 |
| Maximum Supervised Release: | 3 Years |
| Special Assessment: | $100 |
| Restitution: | May be ordered |

Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that Defendant lacks the ability to pay.

4. <u>Discretionary Restitution</u>. Defendant understands that the court may order restitution if requested by the victim of his offense and allowed by law. The parties currently believe that the applicable amount of restitution is $0 because Defendant has returned to his victim the $6,600 the government can prove he embezzled from the labor organization in this case.

5. <u>Mandatory Exclusion</u>. Defendant understands that, as a result of his conviction, he will be prohibited by federal law from serving as an officer of a labor organization, or serving in any capacity that involves decisionmaking authority over the custody or control of the moneys, funds, assets, or property of any labor organization, for a period of 13 years.

6. <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. <u>Factual Basis of Guilt</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing: Between April 2018 and April 2019, Defendant embezzled $6,600 from the National Association of Letter Carriers Branch 1147 ("NALC"). For example, on August 13, 2018, Defendant wired $1,500 to his personal account from the bank account maintained by the NALC. At the time of his embezzlement, Defendant served as the President and Treasurer of Branch 1147, a labor organization engaged in an industry affecting interstate commerce and was subject to the Labor-Management Reporting and Disclosure Act of 1959. Defendant was not authorized to conduct this wire transfer, and he intended to use the money for his own benefit.

8. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided

herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

9. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (Guidelines) are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

10. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

11. <u>Waiver of Constitutional Rights.</u>  By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court.  As a result of Defendant's guilty plea, there will be no trial.  At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a.    The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c.    The right to confront and cross-examine witnesses against Defendant.

    d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

    f.    By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

12. <u>FOIA Requests.</u>  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case,

including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. <u>The Court is not a Party to this Agreement</u>. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

14. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

15. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void,

and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

16.     <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

U.S. v. Kenneth Paul Baumgarner
Plea Agreement Signature Page

ANDREW BYERLY BIRGE
United States Attorney

11/16/21
Date

DAVIN M. REUST
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

11/10/2021
Date

KENNETH PAUL BAUMGARNER,
Defendant

I am Kenneth Paul Baumgarner's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

11/14/2021
Date

MCHAEL VAN TUBERGEN
Attorney for Defendant

8